**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

——————————————————X
                             :

| | |
|---|---|
| EILEEN GREENE, on behalf of herself and all others similarly situated, | : |
| | : |
| Plaintiff, | :    Civil Action No. |
| | : |
| vs. | :    **CLASS ACTION COMPLAINT AND** |
| | :    **JURY TRIAL DEMAND** |
| TRIDENT ASSET MANAGEMENT, L.L.C. and OPS 9, LLC, | : |
| | : |
| Defendants. | : |
| | : |

——————————————————X

Plaintiff EILEEN GREENE, on behalf of herself and all others similarly situated (hereinafter "Plaintiff"), by and through her undersigned attorney, alleges against the above-named Defendants TRIDENT ASSET MANAGEMENT, L.L.C., and OPS 9, LLC (collectively "Defendants") and their employees, agents, and successors, the following:

**PRELIMINARY STATEMENT**

1.    Plaintiff brings this action for actual and statutory damages and declaratory and injunctive relief arising from the Defendants' violation of 15 U.S.C. §

1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.     Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4.     As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5.     Plaintiff demands a jury trial on all issues.

## PARTIES

6.     The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7.     Plaintiff is a natural person and resident of Essex County, in the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8.     Defendant TRIDENT ASSET MANAGEMENT, L.L.C. ("TRIDENT" or

"Defendant") is a Georgia limited liability company with its principal place of business located at 53 Perimeter Ctr East, Suite 440, Atlanta, GA  30346 that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. TRIDENT operates a nationwide defaulted debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of New Jersey. In fact, Defendant TRIDENT was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

9.    Defendant OPS 9, LLC ("OPS 9" or "Defendant") is a Georgia limited liability company with its principal place of business located at 53 Perimeter Ctr East, Suite 450, Atlanta, GA  30346 that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone, in its business, the principal purpose of which is to collect, or attempt to collect, directly or indirectly, defaulted consumer debts.

10.    OPS 9 operates a nationwide defaulted debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of New Jersey via collection letters, phone calls, credit reports and lawsuits. In fact, Defendant OPS 9 was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

11.    Defendant OPS 9 is a bad debt buyer that buys/obtains large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies, such as Defendant TRIDENT.  Defendant OPS 9's principal, if

3

not sole, business purpose is the collection of delinquent consumer debts originated by others.

12.     Based upon information and belief, each Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.  Each Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

13.     Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

14.     This Action is properly maintained as a class action.

Class 1 consists of:

•     All New Jersey consumers who were sent collection letters from Defendant TRIDENT ASSET MANAGEMENT, L.L.C. with respect to a debt allegedly owned by Defendant OPS 9, LLC which sought to collect on a time-barred debt, but failed to inform the consumer that that debt was time barred.

Class 2 consists of:

•     All New Jersey consumers who were sent collection letters from Defendant TRIDENT ASSET MANAGEMENT, L.L.C. which sought to

collect a Return Check Fee with respect to a debt allegedly owned by

Defendant OPS 9, LLC.

Class 3 consists of:

- All New Jersey consumers who were sent initial collection letters from Defendant TRIDENT ASSET MANAGEMENT, L.L.C. with respect to a debt allegedly owned by Defendant OPS 9, LLC and which Offered to Settle the Balance "Today" for less than the Balance Due.

- The Class period begins one year prior to the filing of this Action.

15.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibits A and B,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without

limitation:

   a.  Whether Defendants violated various provisions of the

        FDCPA.

   b.  Whether the Defendants were seeking to collect on a time-

        barred debt;

   c.  Whether Plaintiff and the Class have been injured by the

        Defendants' conduct;

   d.  Whether the Defendants were entitled to collect a Returned

        Check Fee;

   e.  Whether Plaintiff and the Class have sustained damages and

        are entitled to restitution as a result of Defendants'

        wrongdoing, and if so, what is the proper measure and

        appropriate statutory formula to be applied in determining such

        damages and restitution; and

   f.  Whether Plaintiff and the Class are entitled to declaratory

        and/or injunctive relief.

• Plaintiff's claims are typical of the Class, which all arise from the same

   operative facts and are based on the same legal theories;

• Plaintiff has no interest adverse or antagonistic to the interest of the

   other members of the Class;

• Plaintiff will fairly and adequately protect the interest of the Class and

   has retained experienced and competent attorneys to represent the

   Class;

• A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

• A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If the Defendants' conduct is allowed to proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

• Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

16.    Plaintiff was at all times with respect to this lawsuit a "consumer" as that term is defined by 15 U.S.C. §1692a(3)

17.    On or before January 16, 2017, Plaintiff allegedly incurred a debt ("the Debt") which was owed to Sands Casino Resort Bethlehem. ("Sands Casino")

18.    The Debt arose out of a transaction in which money, property, insurance or services, which were the subject of the transaction, and were primarily for personal, family or household purposes.

19.    The Debt obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

20.    At some point in time prior to January 16, 2017, the Debt was assigned transferred, sold or assigned to directly or through one or more intermediaries to OPS 9, LLC ("OPS 9").

21.    At some point prior to January 16, 2017, the Debt was assigned by OPS 9 to TRIDENT for purposes of collection.

22.    On or about January 16, 2017, Defendant sent Plaintiff a collection letter ("The First Collection Letter") seeking to collect on behalf of Sands Casino a balance from Plaintiff in the amount of $175.00 related to a dishonored check dated December 31, 2010.  A copy of the First Collection Letter is attached as Exhibit A.

23.    The First Collection Letter made a "Settlement Offer" to settle the balance due amount of $175.00 for $105.00.

24.    The First Collection Letter was Defendants' first written communication to Plaintiff and contained the notice required by 15 U.S.C. 1692g(a).

25.    The First Collection Letter also stated: "SETTLE YOUR BALANCE FOR $105.00 **TODAY.**"  (emphasis added).

26.     The language in the First collection Letter which offered to settle the debt for "$105.00 TODAY" overshadowed  and/or was inconsistent with Plaintiff's right to dispute the debt or request under 15 U.S.C. 1692g(b).

27.     On or about February 2, 2017, Defendants sent Plaintiff a second collection letter ("The Second Collection Letter) seeking to collect on behalf of Sands Casino a balance from Plaintiff in the amount of $175.00 related to a dishonored check in the amount of $175.00.  A copy of this Second Collection Letter is attached as Exhibit B.

28.     Both the First Collection Letter and the Second Collection Letter sought to collect from Plaintiff a Returned Check fee of $25.00.

29.     Each of the Collection Letters is a "communication" as defined by 15 U.S.C. §1692a(2).

30.     Upon receipt, Plaintiff read the Collection Letters.

31.     The Debt of Plaintiff was related to purchases for clothing and other personal, family or household items.

32.     Defendants were not entitled under contract, statute or otherwise to collect the $25.00 Returned Check Fee included in the "Balance Due" Amount included in both of the Collection Letters.

33.     The applicable statute of limitations related to the Sands Casino obligation in either or both Collection Letters expired prior to the dates those collection letters were sent.

34.     Neither of the Collection Letters provides a notice that the Debt is time barred and that Defendants could not sue to collect on the Debt.

9

35.     Defendants' offer to settle the time-barred Debt without notification to Plaintiff that the debt is time barred would mislead or deceive the least sophisticated consumer into believing that the debt was legally enforceable.

36.     The Collection Letters do not clearly inform Plaintiff that the applicable statute of limitations has expired and therefore any potential liability related to the Sands Casino obligation has also already expired.

37.     The Federal Trade Commission has determined that "most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations... When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm) The FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are time-barred by the statute of limitations.  United States of America (For the Federal Trade Commission) v. Asset Acceptance, LLC, Case No.; 8:12-cv-182-T-27-EAJ (M.D.Fla).

38.     Defendants regularly sent collection letters to New Jersey consumers that included a demand for an amount that was greater than the amount actually due at the time the collection letters were sent.

39.     Defendants regularly sent letters seeking to collect debts which were time-barred.

40.     Defendants regularly sent initial collection letters to consumers which offered to settle the debts "Today" in violation of the consumer's validation rights within

section 1692g of the FDCPA.

41.    Defendants regularly sent letters seeking to collect debts, which were time-barred, and did not inform the consumer that the applicable statute of limitations could reset or begin anew upon making the first payment or by entering into an agreement to repay the entire balance.

42.    Defendants regularly sent collection letters on time barred debt while failing to inform the consumer that the statute of limitations had passed and that the debt was not legally enforceable.

43.    Plaintiff suffered injury in fact by being subjected to the unfair and abusive practices of Defendants.

44.    Plaintiff suffered actual harm by being the target of Defendants' misleading debt collection communications.

45.    Defendants violated Plaintiff's rights not to be the target of misleading debt collection communications.

46.    Defendants violated Plaintiff's right to a trustful and fair debt collection process.

47.    Under the FDCPA, Plaintiff had the right to receive certain information from Defendants regarding the expiration of the statute of limitations.

48.    Defendants' communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendants' collection efforts.

49.    Defendants' Collection Letters which provided confusing, incomplete and/or incorrect information caused Plaintiff a concrete injury in that Plaintiff was

deprived of her right to receive accurate and trustworthy information regarding her rights under the FDCPA.

50.    Defendants' communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendants' collection efforts.

51.    The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendants' false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

52.    As a result of Defendants' conduct, Plaintiff suffered an actual, concrete injury as a result of Defendants' failure to provide Plaintiff information required under the FDCPA.

53.    Plaintiff's receipt of a collection letter which provided incorrect, incomplete and confusing information constitutes a concrete injury.

54.    The failure of Defendants to provide correct information impeded Plaintiff's ability to make a well-reasoned decision.

55.    Defendants' failure to provide accurate information injured Plaintiff in that it impacted her ability to decide on how to proceed with respect to the matter.

56.    The deceptive communications additionally violated the FDCPA since they frustrated Plaintiff's ability to intelligently choose his or her response.

57.    On information and belief, Defendants sent written communications, in the form annexed hereto as Exhibits A and B to at least 30 natural persons in the State of New Jersey.

## COUNT ONE

### (Fair Debt Collection Practices Act Violation)

58.    Plaintiff repeats the allegations contained in paragraphs 1 through 54 as if the same were set forth at length.

59.    Defendants violated 15 U.S.C. § 1692 et seq. of the FDCPA in connection with its communications sent to Plaintiff.

60.    Defendants violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse Plaintiff.

61.    Defendants violated 15 U.S.C. § 1692e of the FDCPA by using false, deceptive or misleading representations or means in connection with an attempt to collect a debt from Plaintiff.

62.    Defendants violated 15 U.S.C. 1692e(2)(A) of the FDCPA by falsely representing the character, amount or legal status of a debt.

63.    Defendants violated 15 U.S.C. 1692e(2)(B) of the FDCPA by falsely representing any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

64.    Defendants violated 15 U.S.C. 1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken.

65.    Defendants violated 15 U.S.C. § 1692e(10) of the FDCPA by using false representation or deceptive means to collect or attempt to collect a debt from Plaintiff.

66.    Defendants violated 15 U.S.C. §1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect a debt.

67.    Defendants violated 15 U.S.C. §1692f(1) of the FDCPA by collecting or attempting to collect an amount that was not  permitted by law.

68.    Defendants violated 15 U.S.C. §1692g(b) by engaging in collection activity which overshadows or is inconsistent with the consumer's right to dispute the debt.

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:  January 15, 2018                    Respectfully submitted,

By: s/ Lawrence C. Hersh
    Lawrence C. Hersh, Esq.
    17 Sylvan Street, Suite 102B
    Rutherford, NJ  07070
    (201) 507-6300
    *Attorney for Plaintiff, and all others*
    *similarly situated*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: January 15, 2018              By: s/ Lawrence C. Hersh
                                Lawrence C. Hersh, Esq.

EXHIBIT A



**Trident Asset Management, L.L.C.**

P.O. Box 888424 | Atlanta, GA 30356
866-695-8893   www.tridentasset.com
8:30am - 5:00pm EST

January 16, 2017

# SETTLEMENT OFFER
## Balance Due: $175.00   Settlement Offer:$105.00

Eileen Greene

███████████████

Original Creditor: SANDS CASINO RESORT BETHLEHEM
Original Creditor Account #: ███4251
Current Owner: OPS 9, LLC
Check Date: 12/31/2010
Check Amount: $150.00
Returned Check Fee: $25.00
Trident Account #: ███████4107

Dear Eileen Greene,

Our client, OPS 9, LLC, has given us the authority to settle your account for 60% of the balance owed today.  The full settlement amount or your commitment to making payments toward the settlement amount must be received in our office within 45 days of this letter.  If you are interested in taking advantage of this opportunity, please remit your settlement payment to the address above or call us immediately.

## SETTLE YOUR BALANCE FOR $105.00 TODAY

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

This communication is from a debt collector.  It is an attempt to collect a debt and any information obtained will be used for that purpose.

Sincerely,
Teresa Mautz

### PLEASE SEE THE REVERSE SIDE FOR IMPORTANT INFORMATION

Please Detach And Return In The Enclosed Envelope With Your Payment

Acct#:    9007674107

EXHIBIT B

**Trident Asset Management, L.L.C.**
P.O. Box 888424 | Atlanta, GA 30356
866-695-8893
www.tridentasset.com

February 2, 2017

EILEEN GREENE

Original Creditor:  SANDS CASINO RESORT BETHLEHEM
Current Owner:  OPS 9, LLC
Check Date: 12/31/2010
Trident Account #: ■■■■4107.
Check Amount Due: $ 150
Returned Check Fee Due: $25
Total Balance Due:  $175.00

Dear Eileen Greene:

Please be advised that OPS 9, LLC has purchased your above-referenced account and placed it with our office for collections. As of this date your account balance is $175.00. Please be further advised that any other offers to settle this account are still valid and will be accepted as per the terms of the offer. This letter is not intended to rescind any pending offers.

Call us toll-free at 1-866-695-8893 between the hours of 9:30am and 5:00pm EST to discuss this seriously delinquent debt or you can make your payment by money order to the above address or pay with your debit/credit card at www.tridentasset.com using your Trident account number.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Your attention and cooperation in this matter will be greatly appreciated.

T Mautz

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.